UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 14-362 (DWF/SER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) **PLEA AGREEMENT AND** |
| | ) **SENTENCING STIPULATIONS** |
| v. | ) |
| | ) |
| PRENTISS ANTHONY CRUMBLE, | ) |
| | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Bradley M. Endicott, Assistant United States Attorney, and Defendant Prentiss Anthony Crumble, together with his attorney, Robert M. Christensen agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This Plea Agreement does not bind any other United States Attorney's Office or any other federal or state agency.

PLEA AGREEMENT

1. **Charges.** With the Government's consent, defendant agrees to conditionally plead guilty to Count 1 of the Indictment, which charges him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

2. **Stipulated Facts.** Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

SCANNED
OCT 2 3 2015
U.S. DISTRICT COURT ST. PAUL

 a. On October 21, 2014, the defendant possessed a Kahr Arms .40 caliber handgun with an obliterated serial number while riding as a passenger in a Buick Century in St. Paul, Minnesota. The defendant fled after the vehicle crashed into a house. The defendant left the .40 caliber pistol and a cell phone inside the vehicle before fleeing the vehicle. The defendant ran and hid behind a shed approximately one block west from the crashed vehicle.

 b. The recovered cell phone contained two videos that were created by the defendant inside of the Buick Century. One of the videos depicts the defendant brandishing the Kahr Arms .40 caliber handgun. In the video, the defendant is seen wearing the same clothing that he wore when he was arrested. Both videos were filmed inside of the Buick Century approximately 13 minutes before the shots fired call.

 c. The firearm was manufactured outside the State of Minnesota and necessarily travelled in or affected interstate commerce before defendant came to possess the firearm.

 d. Prior to October 21, 2014, the defendant had been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year.

 e. Defendant stipulates and agrees that he knowingly possessed the firearm in Count 1 of the Indictment, that he acted voluntarily, and that he knew his actions violated the law. 

3. **Statutory Penalties**. If the Defendant is deemed an Armed Career Criminal, the parties agree that Count 1 of the Indictment carries the following statutory penalties:

 a. a minimum of 15 years imprisonment;

 b. a maximum of life imprisonment;

 c. a supervised release term of up to five years;

    d. a fine of up to $250,000; and

    e. a mandatory special assessment of $100.

If the Defendant is not an Armed Career Criminal, the parties agree that the Count I of the Indictment carries the following statutory penalties:

    a.    maximum of 10 years imprisonment;

    b.    a supervised release term of up to 5 years;

    c.    a fine of up to $250,000;

    d.    a mandatory special assessment of $100.

4.    **Revocation of Supervised Release**. Defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5.    **Guideline Calculations**. Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. <u>Base Offense Level</u>. The Government believes that the defendant is an Armed Career Criminal and therefore, the base offense level should be 33. USSG § 4B1.4(b)(3)(B). The defendant reserves the right to argue

that the defendant is not an Armed Career Criminal and that the base offense level should be **24** pursuant to U.S.S.G. § 2K2.1(a)(2).

b. <u>Specific Offense Characteristics</u>. If the defendant is not an Armed Career Criminal, the parties agree that the offense level should be increased by **4 levels** because the defendant possessed a firearm with an obliterated serial number. (U.S.S.G. § 2K2.1(b)(4)). If the defendant is not an Armed Career Criminal, the Government believes that the offense level should be increased by **4 levels** because the defendant possessed the firearm in connection with another felony offense. (U.S.S.G. § 2K2.1(b)(6)(B)). The defendant reserves the right to argue against the application of U.S.S.G. § 2K2.1(b)(6)(B).

c. <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that the defendant receive a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

d. <u>Criminal History Category</u>. Based on the information currently available to the parties, the defendant appears to have a criminal history category of V (if not an Armed Career Criminal) or VI (if defendant is an Armed Career Criminal). This **does not** constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history will be determined by the Court based on the information presented in the Presentence Report and by the Parties at the time of sentencing.

If it is determined that the Defendant's criminal history is not V or VI, such determination shall not be a basis for either party to withdraw from this Plea Agreement.

4

 e. <u>Guideline Range</u>. If the defendant is deemed an Armed Career Criminal, the total offense level is **30** (base offense level of 33, decreased by three levels for acceptance of responsibility), and the defendant's criminal history category is VI, the guideline range is 168 to 210 months imprisonment, with a mandatory minimum of 180 months. If the defendant is not an Armed Career Criminal, the following guideline ranges are possible:

  140-175 months (total offense level 29/criminal history category V)

  100-125 months (total offense level 25/criminal history category V)

 f. <u>Fine Range</u>. If the total offense level is 29 or 30, the fine range is $15,000 to $150,000. U.S.S.G. § 5E1.2. If the total offense level is 25, the fine range is $10,000 to $100,000.

 g. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least three years but not more than five years. USSG § 5D1.2.

 h. <u>Sentencing Recommendations</u>. The parties reserve the right to make departure and variance motions and the right to argue for a sentence outside the applicable guideline range.

6. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines, though it may not depart from the mandatory minimum term of 180 months imprisonment, which is set by statute at Title 18, section 924(e) of the United States Code, if it determines that Defendant is an Armed Career Criminal. If the Court determines that the applicable advisory Guideline calculations or

5

Defendant's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement and Defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted. U.S.S.G. §5E1.3. Defendant agrees that he is obligated to pay this amount.

8. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all of the defendant's right, title and interest in the property described in the Forfeiture Allegation of the Indictment.

9. **FOIA Request Waiver**. Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

10. **Conditional Plea**. The parties agree that the defendant's guilty plea pursuant to this Plea Agreement is expressly being entered as a conditional plea under Fed. R. Crim. P. 11(a)(2). The defendant reserves the right to appeal the District Court's denial of his pretrial motion to suppress and specifically challenges the search and seizure of his cell phone. The defendant expressly waives his right to appeal on any other basis or any and all other pretrial rulings of the Court.

11. **Complete Agreement**. The foregoing sets forth the full extent of the Plea Agreement and Sentencing Stipulations in the above-captioned case. There are no other agreements, promises, representations or understandings.

Dated: *Oct 22*, 2015

ANDREW M. LUGER
United States Attorney

BY: BRADLEY M. ENDICOTT
Assistant U.S. Attorney

Dated: *October 22*, 2015

PRENTISS ANTHONY CRUMBLE
Defendant

Dated: *Oct 22*, 2015

ROBERT M. CHRISTENSEN
Attorney for Defendant